USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/9/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
A&E TELEVISION NETWORKS, LLC, et al., :
                              Plaintiffs, :
            -v.- :
PIVOT POINT ENTERTAINMENT, LLC, et al., :
                              Defendants. :
------------------------------------------------------------X

<u>MEMORANDUM ORDER</u>

10 Civ. 9422 (PGG) (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

      Judge Gardephe recently referred this case to me for general pre-trial supervision. Pending before the Court is a letter dated November 28, 2011 from counsel to defendants Duane and Beth Chapman seeking a pre-motion conference in anticipation of a motion to revoke the *pro hac vice* admissions of Howard E. King, Esq. and Stephen D. Rothschild, Esq. of King, Holmes, Paterno & Berliner, LLP, counsel for defendant Pivot Point Entertainment, LLC, because they have allegedly permitted a former attorney who now works in their office as a paralegal to engage in the unauthorized practice of law in connection with their representation of Pivot Point. Specifically, counsel for the Chapmans alleges that Messrs. King and Rothschild have "delegated much of the responsibility for litigating this case" to their paralegal by having him "send[] meet and confer correspondence to counsel regarding discovery issues" and review the documents produced in this action. Letter from Martin D. Singer, Esq. to Hon. Paul G. Gardephe dated November 28, 2011, at 1, 2. Chapmans' counsel observes that "[w]hile Mr. King was generally copied on [the paralegal's] correspondence, it appears that he has delegated the majority of the discovery-related responsibilities to [the paralegal], neither Mr. King nor Mr. Rothschild sent their own meet and confer letters to opposing counsel, or even appeared to know much about the

1

USDC SDNY
DATE SCANNED 12/9/11

documents produced in this litigation." Id. at 2. Mr. King filed a responsive letter dated November 28, 2011, opposing the proposed motion and setting forth in some detail his role as lead counsel in the case.

Treating counsel for Chapmans' five-page, single-spaced letter as a motion to revoke the *pro hac vice* admissions of Messrs. King and Rothschild, and accepting all of the allegations set forth therein as true, I deny the motion. "The practice of law involves the rendering of legal advice and opinions directed to particular clients." Sussman v. Grado, 746 N.Y.S.2d 548, 552 (Dist. Ct., Nassau Cty. 2002) (quoting Matter of Rowe, 80 N.Y.2d 336, 341-42 (1992)); see also Servidone Const. Corp. v. St. Paul Fire & Marine Ins. Co., 911 F. Supp. 560, 565-66 (N.D.N.Y. 1995) ("the practice of law . . . includes legal advice and counsel as well as appearing in the courts and holding oneself out as a lawyer"); Abdul-Akbar v. Watson, 775 F. Supp. 735, 752 (D. Del. 1991) ("concern for avoiding the unauthorized practice of law by paralegals does not justify the relegation of paralegals to mere clerical functions"), overruled on other grounds, 4 F.3d 195 (3d Cir. 1993). The conduct attributed to the paralegal working for Messrs. King and Rothschild does not rise to the level of the unauthorized practice of law. The fact that Mr. King designated the paralegal to "manage discovery" and be copied on all email correspondence does not suggest that the paralegal is engaged in the practice of law, or that he is "representing" Pivot Point in the lawsuit. While the paralegal may be playing a significant role in the discovery phase of the case that might, in other circumstances, be carried out by a lawyer, there are no allegations that the paralegal is rendering legal advice to Pivot Point or otherwise holding himself out as a lawyer and acting in an unsupervised manner. See, e.g., Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989) ("paralegals are capable of carrying out many tasks, under the supervision of an attorney, that might otherwise be performed by a lawyer . . .[s]uch work might include . . . factual

investigation, including locating and interviewing witnesses; assistance with depositions, interrogatories, and document production; compilation of statistical and financial data; checking legal citations; and drafting correspondence").

**SO ORDERED.**

Dated: New York, New York
December 9, 2011

_____
JAMES L. COTT
United States Magistrate Judge

**Copies of this Order have been sent by ECF to all counsel.**