# MILLER | WRUBEL

**MEMO ENDORSED**

WRITER'S DIRECT NUMBER
(212) 336-3503
E-mail
medel@mw-law.com

FACSIMILE
(212) 336-3555

October 17, 2012

**BY EMAIL**

Hon. Alison J. Nathan
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 6B
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: OCT 2 3 2012
```

Re: *A&E Television Networks, LLC, et ano. v. Pivot Point Entertainment, LLC, et al., No. 10-cv-9422 (AJN):*
<u>Letter Concerning Deposit Pursuant to July 15, 2011 Order</u>

Dear Judge Nathan:

      We represent Plaintiffs. We respectfully write to: (i) request an order permitting Plaintiffs to deposit the sum of $30,209.94 into the Court's Registry for Second Quarter 2012 royalties and fees, and (ii) inform the Court, as the Court's individual practices require, that more than 60 days has elapsed since Plaintiffs' cross-motion for summary judgment was fully briefed.

**<u>Second Quarter 2012 Royalties</u>**

      Pursuant to the Court's order, dated July 15, 2011 (the "Discharge Order"), Plaintiffs have accounted to defendants and wire transferred to the Court amounts due under the Pivot Point Agreement and claimed by defendants to be due under the Pivot Point Agreement, including videogram royalties, off network exploitation fees and syndication fees (collectively, the "Royalties") through the end of the First Quarter of 2012. Pursuant to the Court's Memorandum Endorsement, dated October 2, 2012, Plaintiffs were given until October 19, 2012 to account for and wire transfer the Royalties for the Second Quarter of 2012.

      We respectfully request an order permitting the Registry of the Court to accept an Additional Payment in the amount of $30,209.94 in Royalties for the Second Quarter of 2012. We understand that the funds are in the process of being wire-transferred to the Court's Registry. Pursuant to paragraph 4 of the Discharge Order, we have served upon each Defendant a declaration (i) describing the calculation of the Additional Payment, (ii) providing documentation sufficient to show the calculation to the extent that documentation has not already been produced, (iii) identifying the Additional Payment as a sum that Pivot Point has claimed to be due under the Pivot Point Agreement and (iv) reserving Plaintiffs' right to recover all or part of the foregoing Additional Payment. Plaintiffs have designated the Declaration as "Confidential – Attorneys' Eyes Only" pursuant to the terms of the Confidentiality Order.


SO ORDERED

MILLER & WRUBEL P. C.

Hon. Alison J. Nathan
October 17, 2012
Page 2

      For the Court's benefit, we also note that: (i) $8,506.51 of the foregoing amount is for Royalties based on Episodes produced during Production Cycles 7 and 8, which Plaintiffs respectfully request should be added to the amount that Plaintiffs seek to recover as an Overpayment pursuant to their cross-motion for summary judgment, and (ii) $640.76 is the Second Quarter 2012 share of syndication revenues calculable pursuant to Amendment No. 3 to the Pivot Point Agreement.

### Plaintiffs' Cross-Motion Was Fully Briefed

      Rule 3H of the Court's Individual Practices provides that "[i] a motion is not decided within 60 days of the time that it has become fully briefed, counsel for the movant *shall* send a letter to alert the Court." Emphasis added. Plaintiffs' cross-motion for summary judgment was fully briefed by August 9, 2012 and filed on August 17, 2012. Pursuant to the Court's rule, Plaintiffs respectfully alerts the Court that more than 60 days have elapsed since the cross-motion was fully briefed.

Respectfully submitted,

Martin D. Edel

Cc (by email): Howard King, Esq.
                Martin Singer, Esq.
                Andrew Brad Brettler, Esq.
                Cameron Stracher, Esq.

SO ORDERED: 10/23/12

HON. ALISON J. NATHAN
UNITED STATES DISTRICT JUDGE