USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JUN 1 1 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

A&E TELEVISION NETWORKS, LLC AND D&D
TELEVISION PRODUCTIONS, INC.,
                Interpleader Plaintiffs,

-v-

PIVOT POINT ENTERTAINMENT, LLC, DUANE
CHAPMAN, AND ALICE BARMORE-SMITH
CHAPMAN,
                Defendants.
----------------------------------------------------------------X

10 Civ. 09422 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

On May 2, 2013, Plaintiffs filed a motion requesting that certain of Defendant Pivot Point's pre-trial filings be struck and that Pivot Point be precluded from presenting certain direct testimony. (Dkt. Nos. 206-208)  The basis for Plaintiffs' motion was that Pivot Point had failed to abide by the deadlines set in this Court's scheduling order, (Dkt. No. 200), or by the terms of this Court's Individual Practices in Civil Cases.  Although Plaintiffs' motion did not specifically request that the testimony of Alice Barmore-Smith Chapman ("Ms. Chapman") be precluded, they did note, in support of their motion, that Pivot Point "relies on the planned testimony of persons for whom it should have submitted, but failed to submit, affidavits pursuant to Rule 5(D)(iii) [of this Court's Individual Practices], including [Ms.] Chapman . . . ." (Pl. Br. 3)

The Court addressed Plaintiffs' Motion to Strike and Preclude at the final pretrial conference on June 7, 2013.  At that conference, Plaintiffs again noted that Ms. Chapman should be precluded from testifying in light of Pivot Point's failure to provide a copy of the affidavit constituting her direct testimony, pursuant to Rule 5(D)(iii) of this Court's Individual Practices. The Court ultimately denied Plaintiffs' motion, for the reasons stated on the record, but only after: (1) admonishing counsel for Pivot Point for his failure to timely submit a request for an

adjournment of the deadline for submitting the required materials and (2) ordering that Pivot Point was to provide Ms. Chapman's direct testimony affidavit by 3:00PM EDT, today, June 11, 2013. As to this second point, the agreement and compromise on the timing of the submission of Ms. Chapman's affidavit came only after much discussion and debate between the parties -- Plaintiffs claiming that the delay was prejudicial and Defendants claiming that the period for preparing the affidavit was unworkably short. In ordering the specific deadline that it did, the Court admonished all parties that they were "just going to have to make it work," given that trial in this matter will commence on June 17, 2013.

The Court is now in receipt of the attached letter requesting an adjournment of the deadline to submit Beth Chapman's affidavit. The Court received this request today, June 11, 2013, at 3:24PM EDT. Plaintiffs' request is in violation both of the deadline that the Court ordered for the submission of Ms. Chapman's affidavit and of Rule 1(E) of the Court's Individual Practices, which specifically notes that "[a]bsent extraordinary circumstances, requests for extensions of time will be denied if not made before the expiration of the original deadline."

Under the facts and circumstances, wherein Pivot Point failed to comply with the Court's original order regarding pretrial submissions, failed to abide by the terms of the Court's order regarding the submission of Ms. Chapman's testimony, and failed to abide by the Court's Individual Practices regarding requests for adjournment, the Court concludes that, pursuant to Federal Rule of Civil Procedure 37(b), sanctions are appropriate. *See* Fed. R. Civ. P. 37(b); *see also Southern New England Telephone Co. v. Global NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010) (discussing Rule 37(b) sanctions and noting that "[t]he district court is free to consider the full record in the case in order to select the appropriate sanction" (internal quotations omitted).

Having considered all relevant factors, *see Global NAPs Inc.* (quoting *Aqiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009)), the Court concludes and SO ORDERS that the just result in this case is to preclude Defendants from presenting Ms. Chapman's testimony and from calling her as a witness at trial. *See* Fed. R. Civ. P. 37(b); *see also Scherbakoskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 135 (2d Cir. 2007).

SO ORDERED.

Dated: June \_\_11\_\_, 2013
New York, New York

_____
ALISON J. NATHAN
United States District Judge

3

JOHN H. LAVELY, JR.
MARTIN D. SINGER
BRIAN G. WOLF
LYNDA B. GOLDMAN
MICHAEL D. HOLTZ
PAUL N. SORRELL
MICHAEL E. WEINSTEN
EVAN N. SPIEGEL

**LAVELY & SINGER**
PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
SUITE 2400
2049 CENTURY PARK EAST
LOS ANGELES, CALIFORNIA 90067-2906
TELEPHONE (310) 556-3501
TELECOPIER (310) 556-3615
WWW.LAVELYSINGER.COM

TODD STANFORD EAGAN
HENRY L. SELF, III
ANDREW B. BRETTLER
DANIEL R. GUTENPLAN
DAVID B. JONELIS
MICHAEL V. MANCINI
JONATHAN M. KLEIN

ALLISON S. HART
KEVIN JAMES
OF COUNSEL

June 11, 2013

**VIA EMAIL**: NathanNYSDChambers@nysd.uscourts.gov

Hon. Alison J. Nathan
United States Courthouse
40 Foley Square
New York, New York 10007

      Re:   *A&E Television Networks, LLC, et al. v. Pivot Point Entertainment, LLC, et al.*,
            S.D.N.Y. Case No. 10-cv-9422-AJN
            Our Case No.: 4173-4

Dear Judge Nathan:

      We represent Duane and Beth Chapman (the "Chapmans") in the above-referenced interpleader action. During the June 7, 2013 pre-trial conference the Court ordered Pivot Point Entertainment, LLC ("Pivot Point") and the Chapmans to submit a declaration of Beth Chapman's direct testimony by 3:00 p.m. (EDT) today in connection with the bench trial scheduled to commence at 9:30 a.m. on Monday, June 17. Since the pre-trial hearing, the parties have continued their settlement discussions and have made significant progress towards finalizing a settlement agreement. Obviously, if the parties reach a settlement, the need for Ms. Chapman's declaration would be moot.

      In that regard, we are writing jointly on behalf of the Chapmans and Pivot Point to request a brief extension of the deadline to submit Ms. Chapman's declaration should the parties fail to settle. Counsel for A&E Television Networks, LLC ("AETN") does not consent to the extension request claiming that AETN will be prejudiced by any delay. Further complicating the matter is the fact that while settlement discussions are ongoing, Pivot Point's attorney, Howard King, is at a mandatory settlement conference in an unrelated case today, and is not available to directly participate in those discussions or in a position to complete the declaration with the Chapmans' counsel by the 3:00 p.m. deadline. We respectfully request that the Court grant Pivot Point and the Chapmans leave to submit Ms. Chapmans declaration, if necessary, by 12:00 p.m. (EDT) on Thursday, June 13.

      We appreciate the Court's consideration of our joint request.

Respectfully,

ANDREW B. BRETTLER

Hon. Alison J. Nathan
Re: <u>A&E Television Networks, LLC, v. Pivot Point Entertainment, LLC</u>
June 11, 2013
Page 2

---

cc:    Howard E. King, Esq. (*via email*)
        Mr. Richard R. Purtich (*via email*)
        Martin D. Edel, Esq. (*via email*)
        Adam J. Safer, Esq. (*via email*)
        Cameron Stracher, Esq. (*via email*)
        Martin D. Singer, Esq.

4173-4\NYI\ABB-Nathan 061113